# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EDDIE WILLIAMSON,

:

    Petitioner,                                  Case No. 1:08-cv-631

:         District Judge S. Arthur Spiegel
   -vs-                                     Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
 Institution,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is brought *pro se* by Petitioner Eddie Williamson to obtain relief from his conviction in the Hamilton County Common Pleas Court and his sentence to Respondent's custody. He pleads five grounds for relief:

> **Ground One:** The Petitioner['s] trial was a plea in desguise [sic] and he should have been advised of the constitutional right he was waivng [sic].
>
> **Ground Two:** The Defendant was given an unlawful sentence.
>
> **Ground Three:** The Defendant received ineffective assistance of trial counsel when counsel withdrew Defendant's "motion to suppress" and "to proceed as co-counsel" when Defendant did not wish to do so.
>
> **Ground Four:** Trial court erred to the prejudice of the Defendant Appellant as there was insufficient evidence to convict.
>
> **Ground Five:** The trial court erred to the prejudice of the Defendant-Appellant because the verdict was against the manifest weight of the evidence.

(Petition, Doc. No. 1, at 7-13.) On the Court's Order, the Warden filed an Answer and Return of Writ (Doc. No. 18). Despite the Court's having set a date for reply (Doc. No. 24), Petitioner has not file a reply and the deadline for doing so has passed. The case is therefore ripe for decision.

## Procedural History

Petitioner was indicted by a Hamilton County Grand Jury on October 28, 2005, on three counts of aggravated robbery with firearm specifications and three counts of robbery. He pleaded not guilty on all counts. At a bench trial on April 5, 2006, the State presented its case by stipulation (Trial Transcript, attached to Return of Writ, Doc. No. 18). Upon the stipulated facts, Petitioner was found not guilty of the three counts of aggravated robbery and gun specifications, but guilty on the three robbery counts, and sentenced to an aggregate sentence of eleven years (Return of Writ, Ex. 8).

Represented by new counsel, Petitioner was permitted a delayed appeal to the Hamilton County Court of Appeals where he raised the five claims he makes here (Brief, Return of Writ, Ex. 17). The Court of Appeals affirmed the conviction and sentence (Judgment Entry, Ex. 19 to Return of Writ). The Ohio Supreme Court declined jurisdiction over a subsequent appeal.

## Analysis

### Ground One: The Trial Was a Disguised Plea

In his first Ground for Relief, Petitioner asserts that his trial on stipulated facts was essentially a plea and he should have been advised of the constitutional right(s) he was waiving.

In his Brief on delayed appeal, Petitioner argued this claim as a failure to substantially comply with Ohio R. Crim. P. 11(C)(2) (Brief, Ex. 17 to Return of Writ, at 3-5). The Hamilton County Court of Appeals also treated the argument as being made under Ohio R. Crim. P. 11(C)(2) and held that compliance was not required because Petitioner did not in fact plead guilty (Judgment Entry, Ex. 19 to Return of Writ, at 2.)

This Court does not have authority to review claims of error in state law rulings, but only claims that a conviction violates the federal Constitution. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). Moreover, the federal constitutional claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation. *Levine v. Torvik*, 986 F.2d 1506 (6th Cir. 1993); *Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991). Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Franklin v. Rose,* 811 F.2d 322 at 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*,

394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim. *Baldwin v. Reese*, 541 U.S. 27 (2004).

A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim. *Hicks v. Straub*, 377 F.3d 538, (6th Cir. 2004), citing *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276, 277-78 (1971).

Petitioner did not in fact plead guilty or no contest. Instead, he agreed when his attorney told the trial judge that he was not contesting the robberies, but was contesting the aggravated robberies with firearm specifications. He was successful as to every charge he contested. The effect of the stipulations was as if Defendant had rested at the conclusion of the State's case without presenting any evidence. As the Court of Appeals ruled in summary fashion, Petitioner has shown no prejudice from the procedure that was used: he does not suggest that he disagreed with his counsel's statement that they were not contesting the robberies, nor does he suggest any evidence he could have presented in defense.

Nor does Petitioner now suggest what constitutional rights he gave up. The trial court was still required to find him guilty by proof beyond a reasonable doubt. He of course would have had a constitutional right to testify in his own behalf and to subpoena witnesses in his favor, rights he would have been advised about if he had pled guilty. But this Court is unaware of any authority requiring that a defendant be advised of those rights before resting at trial without presenting evidence.

The Court concludes that any constitutional claim on this first Ground for Relied was procedurally defaulted by failing to fairly present it to the state courts. Ground One should therefore be dismissed with prejudice.

**Ground Two: Unlawful Sentence**

In his second Ground for Relief, Petitioner contends that his sentence is unlawful, although he does not say why. In his Brief on delayed appeal, he argued that he had been sentenced unlawfully because there had been no post-trial findings as required by Ohio R. Code § 2929.14(B)(2).

The Court of Appeals rejected this assignment of error, noting that Petitioner had been sentenced after *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), which declared Ohio R. Code § 2929.14(B)(2) unconstitutional and severed it from the Revised Code. Thus no post-trial findings were necessary in this case under state law. Moreover, the Supreme Court has held that consecutive sentences are not implicated in the *Apprendi-Blakely* line of cases. *Oregon v. Ice*, ___ U.S. ___, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009). Thus the sentence is not unconstitutional and

Petitioner's second Ground for Relief should be dismissed with prejudice.

**Ground Three: Ineffective Assistance of Trial Counsel**

Petitioner claims his trial attorney provided ineffective assistance of counsel when he agreed to withdraw a motion to suppress Petitioner's statements because they had been made while under the influence of drugs and a motion for Petitioner to proceed as co-counsel. The Court of Appeals rejected this assignment of error on the grounds that Petitioner had agreed orally on the record to the withdrawal of these motions, even though he refused to sign a written withdrawal (Judgment Entry, Ex. 19 to Return of Writ, at 2-3.) The Court concluded this meant Petitioner had not shown any deficient performance on his attorney's part. Petitioner does not now provide any argument as to why it was ineffective assistance of trial counsel to withdraw the motions even though he agreed to the withdrawal.

To show ineffective assistance of trial counsel, a habeas petitioner must show that his counsel's performance was deficient and that he was prejudiced by the deficiency. *Strickland v. Washington,* 466 U.S. 668 (1984). Since the Court of Appeals decided this question on the merits, albeit summarily, this Court reviews the conclusion under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1997 ("AEDPA"). That standard requires that we refuse relief unless the state court decision was an objectively unreasonable application of clearly established Supreme Court law. Here, the Court of Appeals correctly applied *Strickland* when it found there is no ineffective assistance of trial counsel in withdrawing two motions when a client orally agrees but will not sign the relevant withdrawal form. The third Ground for Relief is without

merit.

## Ground Four: Insufficient Evidence

Petitioner contends that he was convicted on insufficient evidence. This claim is cognizable in habeas corpus; the Due Process Clause requires that a criminal conviction rest on evidence sufficient to support a finding beyond a reasonable doubt on every element of the charged crimes. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc).

Petitioner presented this claim to the Hamilton County Court of Appeals by arguing:

> The state has not proven all elements of robbery. To be found guilty of robbery, the state had to show beyond a reasonable doubt that Williamson attempted or committed a theft offense while threatening to cause physical harm.
>
> The evidence simply is not there beyond a reasonable doubt. There was no testimony or exhibits that showed in fact Williamson committed a robbery. No one form [sic] the bank testified. No one ever identified Williamson as the actual perpetrator.

(Brief, Exhibit 17 to Return of Writ, at 10.)

In deciding this claim, the Court of Appeals held

> Williamson was bound for each of the robberies by his stipulations that, in committing or attempting to commit a theft offense, or in fleeing immediately thereafter, he had inflicted or attempted to inflict or threatened to inflict physical harm on another.

(Judgment Entry, Ex. 19 to Return of Writ, at 3.)

While the Due Process Clause requires that there be sufficient evidence to prove every element of an offense beyond a reasonable doubt, it has never been suggested that a stipulation of

-7-

fact is not constitutionally sufficient to achieve compliance. Petitioner stipulated to the truth of the facts set forth in the indictment as to the robbery counts. A stipulation entered into in open court is the firmest sort of basis for findings of fact. Nothing in the Constitution requires that facts proved or stipulated to be in "historical" rather than conclusory form.

On this claim as on Ground Three, the Court defers to the state court conclusion. Deciding that a stipulation to the facts in the indictment is sufficient for conviction is not an objectively unreasonable application of *Jackson v. Virginia*. Accordingly, the fourth Ground for Relief is without merit and should be dismissed with prejudice.

## Ground Five: Manifest Weight

In his fifth Ground for Relief, Petitioner asserts his conviction is against the manifest weight of the evidence. This claim is not cognizable in federal habeas corpus because it does not state a constitutional claim.

In *State v. Thompkins,* 78 Ohio St. 3d 380, 678 N.E. 2d 541 (1997), the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review for manifest weight. It held:

> In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the

> evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172, 485 N.E. 2d 717 (Hamilton Cty. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, ¶3 of the syllabus. The consequences of the distinction are important for a criminal defendant. The State may retry a case reversed on the manifest weight of the evidence;

retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause. *Tibbs v. Florida*, 457 U.S. 31, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982).

Because Ground Five does not state a constitutional claim, it should be dismissed.

## Conclusion

In accordance with the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

November 30, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), ©, or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's

objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).


J:\Documents\Williamson Habeas R&R.wpd