UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDDIE WILLIAMSON,                   :
                                    :
        Petitioner,                 :    NO. 1:08-CV-00631
                                    :
    v.                              :
                                    :    **OPINION AND ORDER**
WARDEN, Chillicothe                 :
Correctional Institution,           :
                                    :
        Respondent.                 :

This matter is before the Court on the Magistrate Judge's November 30, 2009 Report and Recommendation (doc. 25), and Petitioner's Objections (doc. 27).  For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation.

**I. Background**

A Hamilton County Grand Jury indicted Petitioner on October 28, 2005, on three counts of aggravated robbery with firearm specifications and three counts of robbery (doc. 25).  He pleaded not guilty on all counts (Id.).  At a bench trial on April 5, 2006, the State presented its case by stipulation (doc. 18). Upon the stipulated facts, the court found Petitioner not guilty of three counts of aggravated robbery and gun specifications, but guilty on the three robbery counts, and the court sentenced him to an aggregate sentence of eleven years (Id.).

Represented by new counsel, Petitioner timely appealed

to the Ohio Court of Appeals, First Appellate District, raising five assignments of error (Id.). The Ohio Court of Appeals affirmed the conviction and sentence (Id.). The Ohio Supreme Court declined jurisdiction over a subsequent appeal (doc. 25). On May 11, 2009, Petitioner filed the instant Petition for Writ of Habeas Corpus, claiming that each of his five alleged errors amounted to violations of his constitutional rights (doc. 1). The Magistrate Judge reviewed all pertinent documents and prepared the Report and Recommendation, rejecting Petitioner's arguments (doc. 25). Petitioner filed his Objection and this matter is now ripe for the Court's consideration.

**II. Discussion**

The Court reviews this matter de novo because Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the Magistrate Judge's disposition to which specific written objection has been made in accordance with this rule" (Id.). The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions"(Id.).

**A. The Magistrate Judge's Report and Recommendation (doc. 25)**

The Magistrate Judge reported that in Petitioner's first Ground for Relief, Petitioner asserts that his trial on stipulated facts was essentially a plea and he should have been advised of the constitutional right(s) he was waiving (doc. 25). The Petitioner argues the court's failure to so advise him constitutes a failure to substantially comply with Ohio R.Crim.P.11(C)(2)(Id.). The Magistrate Judge found that the Petitioner did not in fact plead guilty or no contest (Id.). The Magistrate Judge reported that a petitioner fails to present a federal habeas claim to the state courts only if he asserted both the factual and legal basis for his claim. (Id. citing Hicks v. Straub, 377 F.3d 538, (6th Cir. 2004), citing McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); and Picard v. Connor, 404 U.S. 270, 276, 277-78 (1971)). Instead, the Magistrate Judge found that Petitioner agreed when his attorney told the trial judge that he was not contesting the robbery charges, but was contesting the aggravated robbery charges with firearm specifications (Id.). Petitioner was successful as to every charge he contested (Id.). The trial court was still required to find Petitioner guilty by proof beyond a reasonable doubt (Id.). The Magistrate Judge concluded that any constitutional claim on this First Ground for Relief was procedurally defaulted by failing to fairly present it to the state courts and therefore should be dismissed with prejudice (Id.).

3

In his second Ground for Relief, the Magistrate Judge noted Petitioner's contention that his sentence is unlawful (Id.). The Court of Appeals rejected this assignment of error, noting that Petitioner had been sentenced after State v. Foster, 845 N.E. 2d 470 (2006), which declared Ohio R. Code § 2929.14(B)(2) unconstitutional (Id.). Petitioner argued that the court sentenced him unlawfully because there had been no post-trial findings as required by Ohio R. Code § 2929.14(B)(2) (Id.). The Magistrate Judge found that the sentence is not unconstitutional and should be dismissed with prejudice because the Supreme Court has held that consecutive sentences are not implicated in the Apprendi-Blakely line of cases. Oregon v. Ice, 129 S.Ct. 711, 172 L.Ed 2d 517 (2009) (Id.).

Petitioner claims in his Third Ground that his trial attorney provided ineffective assistance of counsel when he agreed to withdraw two motions, 1) a motion to suppress Petitioner's statements because Petitioner made them while under the influence of drugs and, 2) a motion for Petitioner to proceed as co-counsel (Id.). The Magistrate Judge found that Petitioner's third Ground for Relief is without merit because he failed to show that the counsel's performance was deficient and that he was prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 688 (1984) (Id.). The Magistrate Judge agreed that the Court of Appeals correctly applied Strickland when it found there was no ineffective

4

assistance of trial counsel in withdrawing the two motions when Petitioner orally agreed but would not sign the relevant withdrawal form (Id.).

In his fourth Ground, Petitioner claims that he was convicted on insufficient evidence (Id.). The Magistrate Judge found that while the Due Process Clause requires that there be sufficient evidence to prove every element of an offense beyond a reasonable doubt, it has never been suggested that a stipulation of facts is not constitutionally sufficient to achieve compliance (Id.). Petitioner stipulated to the truth of the facts set forth in the indictment as to the robbery counts (Id.). A stipulation entered into an open court is the firmest sort of basis for findings of fact. Nothing in the Constitution requires that facts proved or stipulated be in "historical" rather than conclusory form (Id.). Accordingly, the Magistrate Judge recommended that the fourth Ground for Relief to be dismissed with prejudice (Id.).

In his fifth Ground for Relief, Petitioner asserts his conviction is against the manifest weight of the evidence (Id.). The Magistrate Judge ruled that this claim is not cognizable in federal habeas corpus because it does not state a constitutional claim (Id.). As such, the Magistrate Judge recommended the Court dismiss the claim (Id.).

The Magistrate Judge concluded that Petitioner's claims should be dismissed with prejudice because reasonable jurists would

not disagree with his analysis (Id.). The Magistrate Judge also recommended that Petitioner be denied leave to appeal in forma pauperis and any requested certificate of appealability (Id.).

**B. Petitioner's Objections (doc. 27)**

On December 11, 2009, Petitioner filed an objection (doc. 27) to the Magistrate Judge's Report and Recommendation on all five grounds. In the First Objection, Petitioner claimed that the trial was a plea in disguise and he was not advised of the constitutional rights he was waiving (doc. 27). Petitioner also claims that he was told to sign a waiver and later was found guilty (Id.). Second, Petitioner claims he was given an unlawful sentence and that there was insufficient evidence and he did not commit the alleged crime (Id.). Third, the Petitioner claims that his attorney signed the entry to withdrawl Petitioner's motions to suppress and to proceed as co-counsel before Petitioner went to court (Id.). Fourth, Petitioner claims he did not remember the indictment being read into the record during the bench trial and he contends there was not sufficient evidence to convict him on the robbery charges (Id.). Fifth, the Petitioner again asserts that there was not any evidence or testimony that proves Petitioner committed the robbery (Id.).

**C. Analysis**

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's

6

Report and Recommendation is well-reasoned and correct. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 25), and denies Petitioner's Objections (doc. 27).

The Court does not find Petitioner's objections well-taken as such objections are completely unsupported, repetitive, and without merit. In his First Objection, Petitioner claims that his trial was a plea in disguise. Petitioner has shown no prejudice from his trial on stipulated facts: he does not suggest that he disagreed with his counsel's statement that Petitioner was not contesting the robbery charges, nor does he suggest any evidence that could have been presented in his defense. The trial court was still required to find him guilty by proof beyond a reasonable doubt, and it did so. Therefore, the Court dismisses Petitioner's objection for the First Ground with prejudice.

In his Second Objection, Petitioner claims he received an unlawful sentence. Petitioner was sentenced after State v. Foster, 845 N.E. 2d 470 (2006), which declared Ohio R. Code § 2929.14(B)(2) unconstitutional and severed it from the Revised Code. The Court agrees with the Magistrate Judge's ruling that no post-trial findings were necessary in this case under state law, and consecutive sentences are not implicated in the Apprendi-Blakely line of cases. Oregon v. Ice, 129 S.Ct. 711(2009). Therefore, the Court dismisses Petitioner's second objection with prejudice.

In his Third Objection, Petitioner claims that he received ineffective assistance of trial counsel when counsel, against Petitioner's wishes, withdrew Petitioner's motions to suppress and to proceed as co-counsel. Petitioner had orally agreed on the record to withdrawal of these motions, even though he did not sign a written withdrawal. (doc. 18). The Court of Appeals correctly rejected this argument because Petitioner failed to show any deficient performance on his attorney's part. To show ineffective assistance of trial counsel, a habeas petitioner must show that his counsel's performance was deficient and that he was prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 668(1984). The Court finds the Third Objection is without merit and should be dismissed.

In his Fourth Objection, Petitioner claims he does not recall the indictment being read into the record during the bench trial and therefore there is insufficient evidence to the robbery charges. The Court affirms the findings of the Magistrate Judge that Petitioner stipulated to the truth of the facts set forth in the indictment as to the robbery counts. A stipulation entered into an open court is the firmest sort of basis for findings of fact. Therefore, Petitioner's Fourth Objection is dismissed with prejudice.

In his Fifth Objection, Petitioner claims that the conviction is against the manifest weight of all of the evidence.

8

The Court agrees with the Magistrate Judge that the Fifth Objection is not cognizable in federal habeas corpus because it does not state a constitutional claim.  The Court concludes that the Magistrate Judge properly ruled on all grounds of Petitioner's case, all of which the Court dismisses.

**III. Conclusion**

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation correct, thorough, and well-reasoned (doc. 25). Accordingly, the Court hereby ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (Id.) and DISMISSES WITH PREJUDICE Petitioner's Objections (doc. 25). The Court further DECLINES to issue a certificate of appealability with respect to all of Petitioner's claims alleged in grounds one, two, three, and four of the objection, which the Court has concluded are barred from review on procedural waiver grounds as "jurists of reason would not find it debatable as to whether this Court is correct on its procedural ruling," under the applicable two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). In addition, a certificate of appealability shall not be issued with respect to the claims alleged in ground five of the objection, which do not trigger constitutional concerns and thus fail to state a "viable claim of the denial of a constitutional right." Slack, 529 U.S. at 475.

9

Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and, therefore, the Court DENIES Petitioner leave to proceed on appeal <u>in</u> <u>forma</u> <u>pauperis</u> upon a showing of financial necessity. Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Date: July 13, 2010        /s/ S. Arthur Spiegel

                                      S. Arthur Spiegel
                                      United States District Senior Judge